Affirmed and Memorandum Opinion filed March 28, 2006









Affirmed
and Memorandum Opinion filed March 28, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00372-CR

____________

 

MICHAEL DUANE
BAILEY,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 997,529

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Michael Duane Bailey, was
indicted for the felony offense of possessing cocaine weighing more than one
gram, but less than four grams.  A jury
convicted him, and he elected to have the trial judge impose his sentence.  The trial judge imposed appellant=s sentence at ten
years= confinement, with
no fine.  In one issue, appellant
contends the trial judge erred by denying him credit for 234 days he served
pending trial.  We affirm.

Factual and Procedural Background








The facts of the offense are unimportant
for purposes of this appeal.  It is
enough to state that appellant illegally possessed cocaine.  The jury found him guilty.  Appellant elected for the trial judge to
impose the sentence.  During the
punishment phase, he stipulated to prior offenses, and the State proved
another.  Following that short
presentation of evidence, both sides made brief arguments to the trial judge
regarding what punishment to impose.  The
trial judge entered a sentence of ten years= confinement, and
no fine.  

When preparing the judgment and sentence,
the trial judge marked out a notation that would have given appellant 234 days= credit toward his
jail sentence.  She wrote beside the
stricken number AN/A.@  The clerk=s record also
contains a notation A[n]o back jail credit per Judge Brown.@  We cannot glean from this record the trial
court=s reasoning.  Moreover, we find no indication in our record
that appellant was actually entitled to credit for time served.  The State noted in its brief that, according
to a search of the JIMS computer system, appellant is probably entitled to the
credit.  However, the State also notes
correctly that the fruits of its independent investigation for purposes of
preparing an appellate brief are not a part of the record.  As we explain below, because the record is
devoid of any testimony or documentation that would support what the State has
evidently already discoveredCthat the trial
judge likely erred in not granting the mandatory credit for timeCwe must affirm.

Analysis

Article 42.03, sec. 2(a) of the Code of
Criminal Procedure provides that A[i]n all criminal
cases the judge of the court in which the defendant was convicted shall
give the defendant credit on his sentence for the time that the defendant has
spent in jail in said cause, other than confinement served as a condition of
community supervision, from the time of his arrest and confinement until his
sentence by the trial court.@  Tex.
Code Crim. Proc. Art. 42.03, ' 2(a) (emphasis
added).  Absent application of the
community-service-based exception, credit for time served is mandatory.  We have nothing before us to indicate that
the exception applies.  Thus, if
appellant served time pending this case, he is statutorily entitled to
credit.  However, we have no indication
the exception does not apply; the record is inadequate for us to assign error.








First, we do not know how much time
appellant served in jail pending the outcome of this case.  Second, even if we knew how much time he
spent in jail, we would have to determine whether it was pending the outcome of
this case, or some other case.  Explained
differently, if appellant had posted bond for the cocaine offense, and then
spent time in jail for an unrelated crime committed later, he would not fall
under the statute.  Without an adequate
record, we cannot determine what, if any, error exists.  See Ortiz v. State, 144 S.W.3d 225,
229B30 (Tex. App.CHouston [14th
Dist.] 2004, pet. ref=d) (en banc) (explaining that while the
district and appellate courts have a duty to ensure delivery of a record, the
party seeking review still has a duty to develop a record demonstrating error).

In order to receive some sort of relief,
appellant would be better advised to bring a writ of habeas corpus.  With that procedural vehicle, he could
develop a record, bring evidence, and establish his right to credit for time
served.[1]  Without that evidence and a developed record,
there is no relief we can grant.

Conclusion

Having determined that the record is
inadequate to determine if there is any error, we affirm the judgment of the
trial court.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Memorandum Opinion filed March 28, 2006.

Panel
consists of Justices Hudson, Fowler, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).











[1]  The State also
acknowledges in its brief that this procedure would allow appellant to
demonstrate any error and receive relief. 
We commend the State for this frankness.